## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Petro Siruk and Marina Y. Siruk, | Case No. 20-cv-1639 (NEB/DTS) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| David Cofman; James Robert Chan; and ServeRights Pros, | |
| Defendants. | |

Plaintiffs Petro and Marina Siruk allege that the defendants to this action acted unlawfully in the course of serving process papers on them. The Siruks did not pay the filing fee for this litigation, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. The IFP application must be reviewed before any other action is taken in this matter.

After review, this Court concludes that the Siruks qualify financially for IFP status. That said, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must

1

"state a claim to relief that is plausible on its face." *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The complaint filed by the Siruks offers only a few hints as to what this litigation is about.  In their pleading, the Siruks allege that they "are grieved sentiment man and sentiment woman"; that they "actually feel pain, and other emotions"; that the defendants "trespassed on [their] fundamental rights"; and that this alleged wrongdoing of the defendants was willful and knowing.  Compl. at 2 [ECF No. 1].  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," but these vague allegations are *too* short and plain to put either the defendants or the Court on notice of the specific claims being raised in this proceeding.

The documents attached by the Siruks to the pleading do provide additional clues. *See Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." (quotations omitted)).  Among those documents is a police report prepared based on statements of defendant James Robert Chan, a process server working under the auspices of ServeRight Pros, LLC.  *See* Pl. Exs. 2 & 4 [ECF Nos. 1-2 & 1-4].  In that police report, Chan relates that Marina Siruk claimed to have injured her hand after an altercation in which she refused to accept service of process.  *See* Pl. Ex. 2.

2

Documents prepared by the Siruks after the event and submitted to the Court alongside the pleading corroborate that this incident is the subject of this lawsuit. *See, e.g.*, Pl. Ex. 5 [ECF No. 1-5]. Chan has been included in the litigation for his role in the events; ServeRights Pros, LLC, has been included in the litigation because it is alleged to have employed Chan[1]; and defendant David Cofman has been included in the litigation because he is president of ServeRights Pros, LLC, *see* Pl. Ex. 4 at 4.

The Siruks contend in their pleading that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." But no provision of federal law (except for § 1331) is cited in the complaint, and the closest that the Siruks come to bringing specific claims for relief — mentions of trespass and intentional infliction of emotional distress — are causes of action that arise under state law, not federal law. Section 1331 cannot provide a basis for original jurisdiction over those state-law claims.

In subsequent filings with the Court, the Siruks have argued that their claims arise, at least in part, under various federal constitutional provisions, including the Fourth, Fifth, and Seventh Amendments. Violations of the federal constitution are actionable under 42 U.S.C. § 1983, and § 1331 provides the Court with original jurisdiction over claims brought pursuant to § 1983. But "[o]nly state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private

---

[1] In a letter to the Siruks, defendant David Cofman — the president of ServeRights Pros, LLC — stated that Chan was an independent contractor of the company. *See* Pl. Ex. 4 at 4. The factual dispute over whether Chan acted as an employee or as an independent contractor is not material to the resolution of this litigation.

3

conduct, no matter how discriminatory or wrongful.'" *Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).  There is a split of authority over whether process servers may be considered state actors for purposes of § 1983 and similar federal provisions, *see Berry v. Severit*, No. 20-CV-0229 (JPG), 2020 WL 3440116, at *3 (S.D. Ill. June 23, 2020) (comparing cases), but districts of this circuit have flatly concluded that "[p]rocess servers are not state actors," *Clowers v. Cradduck*, No. 5:15-CV-5260, 2016 WL 5886893, at *4 (W.D. Ark. Oct. 6, 2016), and the Eighth Circuit has concluded that bail bondsmen "are private citizens who interact with the state in the course of pursuing their private interests," *Dean v. Olibas*, 129 F.3d 1001, 1006 n.4 (8th Cir. 1997).  The same logic is applicable to process servers; the act of serving process may relate to a public function, but the servers themselves are often (as in this case) private actors acting in their own interests, not those of the state.

But even assuming that the defendants to this matter could be deemed state actors for purposes of § 1983, nothing in the complaint or the Siruks' subsequent filings, even if each of their non-conclusory factual allegations is proved true, would establish that their constitutional rights have been violated.  At *most*, the papers submitted by the Siruks in conjunction with their complaint suggest that Chan engaged in tortious conduct — trespass, harassment, assault, infliction of emotional distress — while on their property.  But there is no reason to believe from anything the Siruks have filed that Chan engaged in an unlawful search or seizure while on their property; any intentional[2] deprivation by

---

[2] "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

4

Chan of a protected liberty or property interest (the Siruks have not identified such an interest) may be redressed through state tort remedies, *see, e.g.*, *Hanson v. Larkin*, 605 F. Supp. 1020 (D. Minn. 1985); the Seventh Amendment merely ensures the right to a trial by jury in civil matters arising under the common law and does not provide a font for an independent cause of action; and neither Cofman nor ServeRights Pros, LLC, are alleged to have personally engaged in wrongdoing of any kind, *see Vaughn v. Greene Cty.*, 438 F.3d 845, 851 (8th Cir. 2006) ("[I]t is well settled the doctrine of *respondeat superior* is inapplicable to section 1983 claims."). Any § 1983 claim presented by the Siruks based on the allegations in the complaint — or the allegations reasonably imputed to the complaint from the Siruks' other filings — is not viable.

This leaves only the state-law claims implied by the complaint. But again, § 1331 does not provide a basis for original jurisdiction over those claims. The Siruks have not pleaded allegations establishing the Court's jurisdiction under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties. And the Eighth Circuit has made clear that when all federal claims in a complaint have been dismissed before trial (as is recommended here), the court should decline to exercise supplemental jurisdiction over the remaining state law claims. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

Accordingly, this Court recommends dismissal of this action without prejudice — the federal-law claims for failure to state a claim on which relief may be granted and the state-law claims for lack of jurisdiction — pursuant to § 1915(e)(2)(B). In light of the recommendation of dismissal under § 1915(e)(2)(B), it is further recommended that Chan's pending motion to dismiss [ECF No. 6] be denied as moot. Similarly, it is

recommended that the Siruks' pending motion for summary judgment [ECF No. 27] be denied, as the Siruks cannot be entitled to summary judgment on claims over which the Court lacks jurisdiction or are otherwise not viable.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The motion to dismiss of defendant James Robert Chan [ECF No. 6] be DENIED AS MOOT.

3. The motion for summary judgment of plaintiffs Petro Siruk and Marina Y. Siruk [ECF No. 27] be DENIED.

4. The Siruks' application to proceed *in forma puaperis* [ECF No. 2] be DENIED.

Dated: September 10, 2020                         s/David T. Schultz_____
                                                  DAVID T. SCHULTZ
                                                  U.S. Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).